Epps [redacted]4364

Form **843**
(Rev. January 1997)
Department of the Treasury
Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ **See separate instructions.**

OMB No. 1545-0024

*Use Form 843 only if your claim involves **(a)** one of the taxes shown on line 3a or **(b)** a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not** use Form 843 if your claim is for —*

- *An overpayment of income taxes;*
- *A refund of fuel taxes;*
- *An overpayment of excise taxes reported on Form 720, 730, or 2290 (see **General Instructions**).*

Please type or print

Name of claimant
JAMES H. EPPS & ARBELIA L. EPPS

Your social security number
[redacted]-4364

Address (number, street, and room or suite no.) ***(POA ATTACHED, FORM 2848)***
c/o Thomas E. Redding; P. O. Box 924328

Spouse's social security number
[redacted]-1585

City or town, state, and ZIP code
Houston, Texas 77292-4328 *** ***ADDRESS FOR THIS MATTER ONLY*** ***

Employer identification number

Name and address shown on return if different from above
2935 Devon Drive
Fort Wayne, Indiana 46815

Daytime telephone number
713-965-9244

1 Period — prepare a separate Form 843 for each tax period
From January 1, 19 85, to December 31, 19 85

2 Amount to be refunded or abated
$ 43,189.15**

3a Type of tax, penalty, or addition to tax:
☐ Employment ☐ Estate ☐ Gift ☐ Excise (unless reported on Form 720, 730, or 2290 — see instructions.)
☒ Penalty — IRC section ▶ §6621(c) Penalty Interest

b Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☒ Other (specify) 1040

4a Request for abatement or refund of:
☒ Interest caused by IRS errors or delays (if applicable — see instructions).
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

b Dates of payment ▶ On or about May 8, 2000

5 **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax.

***** ***Please See Explanation Attached*** *****

** ***or such greater amount as is legally refundable, plus interest, the refund being the portion of the tax assessed after the statute of limitations had expired.***

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

James H. Epps, MD — Feb 5, 2001
Signature (Title, if applicable. Claims by corporations must be signed by an officer.) Date

Arbelia L. Epps — Feb 5, 2001
Signature Date

**For Paperwork Reduction Act Notice, see separate instructions.**

Form **843** (Rev. 1-97)

ISA
STF FED1524F

EXHIBIT "D"

Form **2848** (Rev. December 1997)
Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150

For IRS Use Only
Received by:
Name ______
Telephone ______
Function ______
Date ______

**Part I** Power of Attorney (Please type or print.)

**1 Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| James H. Epps, and Arbelia L. Epps<br>2935 Devon Drive<br>Fort Wayne, Indiana 46815 | [redacted]-4364<br>[redacted]-1585 | |
| | Daytime telephone number | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>P.O. Box 924328<br>Houston, TX 77292-4328 | CAF No. ______<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>P.O. Box 924328<br>Houston, TX 77292-4328 | CAF No. ______<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Teresa J. Womack<br>P.O. Box 924328<br>Houston, TX 77292-4328 | CAF No. ______<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 and 1065 and Partnership Items for all | Tax periods ending: December 31, 1981, 1982, |
| | partnerships in which the taxpayer is a partner. | 1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990, |
| | | 1991, 1992, 1993, 1994, 1995 |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF.**) . . . . . . . . . . ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5 — Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes, but is not limited to, authorization to exercise the taxpayer's rights regarding partnership items and affected items and under I.R.C. Section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH,** refund checks, initial here ______ and list the name of that representative below.

Name of representative to receive refund check(s) ▶ Thomas E. Redding

**For Paperwork Reduction and Privacy Act Notice, see the separate instructions.**



ISA
STF FED4675F.1

**7 Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box ▶ ☐

**8 Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**9 Signature of taxpayer(s).** If a tax matter concerns a joint return, **both** husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.

James H Epps, MD (signature) — Signature — 01-14-2001 — Date — Title (if applicable)

James H. Epps, M.D. JAMES H EPPS, MD. — Print Name

Arbelia L. Epps (signature) — Signature — 01-19-2001 — Date — Title (if applicable)

Arbelia L. Epps ARBELIA L. EPPS — Print Name

**Part II** **Declaration of Representative**

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.

b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.

c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.

d Officer — a bona fide officer of the taxpayer's organization.

e Full-Time Employee — a full-time employee of the taxpayer.

f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).

g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).

h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | (signature) Thomas E. Redding | 1/25/01 |
| A | Texas | (signature) Sallie W. Gladney | 1-29-01 |
| A | Texas | (signature) Teresa J. Womack | 1/30/01 |

STF FED4875F.2

**JAMES H. EPPS and ARBELIA L. EPPS**
**(SSN [redacted]-4364 and SSN[redacted]-1585)**
**EXPLANATION - 1985 REFUND CLAIM**
**AND STATEMENT REQUESTING APPLICATION OF §6621(d)**

This refund claim, as it relates to tax and interest assessed relative to adjustments to partnership items and affected items related to the Canyon Desert Vineyards partnership (referred to in this explanation as "the Partnership") for 1985 (referred to in this explanation as "the settlement years"), is filed based upon the following grounds:

1. The assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to Internal Revenue Code §6401. The assessment related to the Partnership was made more than three years after the Partnership return was filed. The settlement upon which the assessment was based was solicited by the Internal Revenue Service and entered into utilizing a Form 870-P(AD) <u>after</u> the statute of limitations had expired. *Alexander v. United States*, 44 F.3d 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2d 499 (4th Cir. 1990). The Form 870-P(AD), did <u>not</u> waive the statute of limitations. An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." I.R.C. §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). (Neither an invalid Notice of Final Partnership Administrative Adjustment ("FPAA") nor an invalid petition filed with the Tax Court suspends the limitations period, nor does a settlement agreement entered into after the statute of limitations has expired reopen the period for assessment.) A Form 870-P(AD) provides that "no claim for refund or credit <u>based on any change in the treatment of partnership</u> items may be filed or prosecuted." [Emphasis added.] This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed on the Form 870-P(AD) and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred by the Form 870-P(AD) because the claim does not seek a change in the "treatment of partnership items."

2. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to I.R.C. §6401. *Alexander, supra; Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

3. The claim is timely. It is being filed within two years from the date of payment. Additionally, even if any of the periods under I.R.C. §6230 apply to any portion of this claim, it is timely under those provisions as well.

4. In the alternative, even if the statute of limitations does not bar the assessment and collection of tax, taxpayer(s) are not liable for the penalty portion of the interest paid under I.R.C. §6621(c). To the extent the tax deficiencies upon which the I.R.C. §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under I.R.C. §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the taxpayers and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an I.R.C. §6224(c) agreed settlement that was entered into, such agreement provided solely for certain specific adjustments to partnership items. The assessment that resulted from the agreed

settlement reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement that the adjustments resulted from tax motivated transactions as defined in I.R.C. §6621(c) or the relevant regulations.

5. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner*, 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

6. Alternatively, even if the doctrine under *Todd, McCrary*, and Treas. Reg. §301.6221-2T, A-5 does not preclude the application of I.R.C. §6221(c), no portion of the underlying tax liability was attributable to any event defined in I.R.C. §6221(c) or the regulations thereunder as a tax motivated transaction.

7. The recomputation of interest should take into account the doctrine in *Avon Products*, 78-2 U.S.T.C. ¶9821 (1978), pursuant to which it has been determined, and conceded by the government, that interest does not begin to run on a deficiency of tax until the date on which a refund was paid if no interest was paid with the original refund.

8. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to I.R.C. §6404 as follows:

(a) First, interest should be abated for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from March 21, 1989 to April 1, 1993, based on the dates the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the

ability to defend against adjustments to partnership items the IRS eventually asserted , all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the tax matters partners in writing with regard to the civil partnership level return examination.

(b) Second, interest should be abated for the period beginning with a date 45 days after the acceptance by the IRS of the settlement offer and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

9. The settlement agreement entered into was a "Consistent Agreement" under I.R.C. §6224(c), which by statute and the Tax Court's published decisions in the *Greenberg* cases, clearly only applies to a settlement regarding "partnership items" and the applicability of §6621(c) is not a partnership item, nor is the applicability of the abatement provisions pursuant to I.R.C. §6404, nor is any defense based on the statute of limitations, therefore, this claim ***cannot*** be precluded by the terms of the settlement and any attempt to do so by the IRS can only be construed to be frivolous and abusive. Exhibit "A" includes a copy of an excerpt from the settlement agreement clearly stamped as a "Consistent Agreement."

10. As an alternative, and in addition to the grounds set forth above, the taxpayer(s) are entitled to the benefit of a net rate of interest of zero pursuant to I.R.C. §6621(d) and a refund of the interest paid on the portion of the deficiency equal to the amount of any refund with respect to which the taxpayer(s) were entitled to receive interest for the periods during which interest was charged on such portion of the deficiency and is payable on such refunds. Substantial refunds are due for 1987 and later years as a result of changes to affected items of the taxpayer(s) resulting from the settlement. This claim constitutes the taxpayer(s)' request that the Secretary apply §6621(d) to all such periods, which includes all periods from April 15, 1988 until the date of payment of the tax sought to be refunded under this claim. Overpayments occurred in each year from 1987 to 1993 due to over reporting of §§441/447 recapture. To the extent of equivalent amounts of underpayments or overpayments, the periods set forth under §5.063 of Rev. Proc. 99-43 have not previously been applied to obtain a net interest rate of zero under §6621(d).

11. At a minimum, the interest netting I.R.C. §6621(d) claim should apply to the interest paid on the portion of the deficiency equal to the refund to which the taxpayer(s) are entitled for 1993 resulting from the loss realized upon termination of the taxpayer(s)' Partnership interest due to the increase in the tax basis in the taxpayer(s)' Partnership interest resulting from the settlement.

Exhibits:

A - Evidence of settlement
B - Evidence of tax assessment and payment

FORM 870–P(AD)
(JUNE 1988)

Department of the Treasury – Internal Revenue Service

## Settlement Agreement For Partnership Adjustments

| Taxpayer(s) name(s), address and zip code | Name of Partnership | Tax Year(s) Ended |
|---|---|---|
| James H. & Arbelia L. Epps | CANYON DESERT VINEYARDS | December 31, 1985 |
| | Taxpayer Identifying Number: 33–0098216 | |
| Taxpayer identifying Number: [redacted]-4344 | Name of Tax Matters Partner: Frederick H. Behrens | |

Under the provisions of section 6224(c) of the Internal Revenue Code, the undersigned offers to enter into a settlement agreement with respect to the determination of partnership items of the partnership for the year(s) shown on the attached schedule of adjustments. The undersigned, in accordance with the provisions of section 6224(b) of the Code, also offers to waive the restrictions on the assessment and collection of any deficiency attributable to partnership items (with interest as required by law) provided in section 6225(a).

This offer is subject to acceptance for the Commissioner of the Internal Revenue Service. It will take effect as a waiver of restrictions on the date it is accepted. Unless and until it is accepted, it will have no force or effect.

If this offer is accepted for the Commissioner, the treatment of partnership items under this agreement will not be reopened in the absence of fraud, malfeasance or misrepresentation of fact; and no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted.

# CONSISTENT AGREEMENT

| | Date |
|---|---|
| Signature of taxpayer: James H. Epps, M.D. | Mar. 06, 1999 |
| Signature of taxpayer: Arbelia L. Epps | 3-06-99 |
| By (Signature and title) | Date |

If this offer is executed by a tax matters partner, please include title with the signature.

Note: The execution and filing of this offer will expedite the adjustment of tax liability.

If this offer is executed with respect to a year for which a JOINT RETURN OF A HUSBAND AND WIFE was filed, it must be signed by both spouses, unless one spouse, acting under a power of attorney, signs as agent for the other.

If a taxpayer is a corporation, the offer must be signed with the corporate name followed by the signature and title of the officer authorized to sign.

This offer may be executed by the taxpayer's attorney or agent provided this action is specifically authorized by a power of attorney, which, if not previously filed, must accompany this form.

The submission of this offer by you and the acceptance of the offer for the Commissioner may result in an additional tax liability to you plus interest as provided by law. If the result is a decrease in tax, the amount of the decrease will be sent to you with interest as provided by law.

| For Internal Revenue Use Only | Date Accepted for Commissioner: JUN 10 1999 | Signature: [signature] |
|---|---|---|
| | Office: So. Calif. Appeals | Title: Associate Chief, Appeals |

Form 870–P(AD) (6–88)

Exhibit A, P.1 85

Depar : of the Treasury - Internal Revenue Servi

# Income Tax Examination Changes

| Taxpayer | Social Security or Employer Identification Number | Return Form No. |
|---|---|---|
| & Arbelia Epps<br>von Drive<br>ayne, IN 46815 | [redacted]-4364 | 1040 |
| | Person with whom examination changes were discussed | Name and Title |

| ustments to income | Year End: 12/31/1985 | Year End: | Year End: |
|---|---|---|---|
| rdinary Income 33-0098216 | $ 33,386 | $ | $ |
| Ordinary Income 33-0054978 | | | |
| C. Travertine Flame Associates | | | |
| D. 33-0054978 | | | |
| E. Canyon Desert Vineyards | | | |
| F. 33-0098216 | | | |
| G. | | | |
| H. | | | |
| I. | | | |
| J. | | | |
| K. | | | |
| L. | | | |
| M. | | | |
| N. | | | |
| O. | | | |
| P. | | | |
| Q. | | | |
| R. | | | |
| S. | | | |
| 2. Total adjustments | 33,386 | | |
| 3. Taxable income per return or as previously adjusted | 91,545 | | |
| 4. Corrected taxable income | 124,931 | | |
| Tax Method | Tax Rate Schedule | | |
| Filing Status | Joint | | |
| 5. Tax | 43,548 | | |
| 6. Additional taxes | 0 | | |
| 7. Corrected tax liability | 43,548 | | |
| 8. Less Credits A. GENERAL BUSINESS CREDIT | 13,046 | | |
| B. | | | |
| C. | | | |
| D. | | | |
| 9. Balance (line 7 less total of lines 8A thru 8D) | 30,502 | | |
| 10. Plus Other Taxes A. ALTERNATIVE MINIMUM TAX | 0 | | |
| B. | | | |
| C. | | | |
| D. | | | |
| 11. Total corrected tax liability (line 9 + lines 10A - 10D) | 30,502 | | |
| 12. Total tax shown on return or as previously adjusted | 18,302 | | |
| 13. Adjustment to A. Earned Income Credit | 0 | | |
| B. Special Fuels Credit | 0 | | |
| C. Additional Child Tax Credit | 0 | | |
| 14. Deficiency -Increase in tax or (Overassessment -Decrease in tax) (line 11 less line 12 adjusted by line 13) | 12,200 | | |
| 15. Adjustment to prepayment credits | 0 | | |
| 16. Balance due or Overpayment (line 14 adjusted by line 15) (excluding interest and penalties) | $ 12,200 | $ | $ |

The Internal Revenue Service has agreements with State tax agencies under which information about Federal tax, including increases or decreases, is exchanged with the States. If this change affects the amount of your State income tax, you should file the State form.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income and do not pay the required tax. The IRS may order backup withholding at 31 percent after four notices have been issued to you over a 120-day period and the tax has been assessed and remains unpaid.



Exhibit A, P. 2 85

07201-129-13302-00

**Director** 4800 BUFORD HIGHWAY
CHAMBLEE, GA 30341

IDRS #: 0781503976

| | | Assessment Date | Trans Code |
|---|---|---|---|
| 30 | 198512 | 05/08/2000 | 670<br>570 |

**Date of This Notice:** 05/08/2000
EPPS

If you find it necessary to inquire about your account, please refer to this number. [redacted]-4364

JAMES H & ARBELIA EPPS
2935 DEVON DRIVE
FORT WAYNE IN 46815

Form Number: 1040

Tax Period Ended: 12/31/1985

**Notice of Tax Due on Federal Tax Return**

This is a notice of tax due on your tax return identified above. Please pay the amount shown as Balance Due when you receive this notice. Make your check or money order payable to the Internal Revenue Service and send it with this notice to the address shown above.

If the balance due as shown below is incorrect because you made a recent payment, please send us the amount you believe you owe and an explanation of the difference.

| Reference | Assessment | Adjustment or Credit | Balance Due |
|---|---|---|---|
| 05/08/2000 ADD'L TAX | 12,200.00 | | |
| 05/08/2000 RSTRCT IN | 43,189.15 | | |
| see enclosed notice | | | 55,389.15 |

[redacted]

Exhibit C. 1985

**Please return this copy with your payment to the address shown above** Form 3552 (C)(Part 3) Rev. 8-97)